UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANA C. DE OLIVEIRA

    Plaintiff,

v.

ELIZABETH WAGNER

    Defendant,
_____/

## **COMPLAINT**

COMES NOW the Plaintiff ANA C. DE OLIVEIRA, by and through the undersigned counsel, and hereby sues Defendant ELIZABETH WAGNER, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff ANA C. DE OLIVEIRA (hereinafter ANA C. DE OLIVEIRA, or Plaintiff) is a resident of Miami-Dade County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ELIZABETH WAGNER (hereinafter ELIZABETH WAGNER, or Defendant) is a Miami-Dade County resident who employed Plaintiff ANA C. DE OLIVEIRA as a domestic employee. This individual Defendant is a covered employer for purposes of the Act. Defendant ELIZABETH WAGNER is the Employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Defendant ELIZABETH WAGNER is either hiding and/or secreting herself to avoid, evade, and/ or prevent service on her. Numerous attempts to serve Defendant at her condominium apartment located at 5205 Collins Avenue, Unit 1709, Miami Beach, FL 33140, had been unsuccessful.

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Defendant ELIZABETH WAGNER employed Plaintiff ANA C. DE OLIVEIRA as a domestic household employee from 2013 until she left in 2016.

7. Plaintiff returned to work for ELIZABETH WAGNER on or about January 12, 2018, and she worked until March 26, 2021, or more than three years. However, for FLSA purposes, Plaintiff's relevant employment period is 67 weeks (from December 12, 2019, to March 26, 2021=67 weeks).

8. Plaintiff worked at the private residence of ELIZABETH WAGNER located at 5025 Collins Avenue, Apt. 1709, Miami Beach, Florida 33140. Defendant owns, manages, maintains, and when Plaintiff was employed with Defendant, she provided the essentials of daily living such as utilities and food.

9. During the relevant time of employment, Plaintiff had duties as a domestic employee and caregiver for Defendant ELIZABETH WAGNER's elderly parents, Mr. Klaus Peter Wagner (95 years old) and Mrs. Yvonne Wagner (91 years old).

10. Plaintiff's duties consisted of caring for the two older adults and assisting them with daily living activities such as bathing, dressing, grooming, feeding, toileting, changing diapers, cleaning after them, and keeping sanitary conditions at the residence.

11. In addition, Plaintiff cooked for them, washed clothing, ironed clothing, cleaned bathrooms and kitchen, cleaned floors, and performed routine, regular, and general household work. This personal care and regular household work exceeded the 20% limit required for a "companionship" exemption.

12. Plaintiff took Defendant's aging parents to their medical appointments. Plaintiff also went to the supermarket and pharmacy using her own vehicle.

13. Plaintiff acted as a personal assistant of Defendant ELIZABETH WAGNER, coordinating and overseeing people working in and about the residence, receiving packages, ordering and coordinating the order of supplies, performing returns of goods, buying food, and performing other tasks for Defendant's and late parents that were unrelated to companionship services.

14. Furthermore, Plaintiff took care of Defendant ELIZABETH WAGNER for about 45 days after surgery.

15. During the relevant period of employment, Plaintiff worked an irregular schedule, but she always worked more than 40 hours per week.  Plaintiff worked as per the family's needs, from 44 to 70 or more hours per week.

16. Within the relevant time of employment, Plaintiff received a wage rate as follows: In 2019, Plaintiff was paid  $26.00 and $27.00 an hour.  on 2020, Plaintiff was paid $28.00 an hour, and in 2021 Plaintiff was paid at the rate of $29.00 an hour.

17. Plaintiff always worked more than 40 hours weekly, and she was paid for all her working hours, but at her regular rate.  Plaintiff was not paid for overtime hours as required by law.

18. During her entire period of employment as a domestic household employee in the private home of Defendant. Plaintiff did not take lunch-time periods.

19. Plaintiff did not clock in and out, but she signed timesheets, and Defendant could track the number of hours worked by Plaintiff.

20. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938.

21. Plaintiff ceased working for Defendant on or about March 26, 2021, after Mrs. Yvonne Wagner passed away.

22. Plaintiff did not reside at Defendant's private residence; Plaintiff had her own home. Thus, Plaintiff did not meet the definition to be considered Defendant's live-in domestic service employee. Plaintiff must be paid overtime pay at the rate of one and a half times her regular pay rate for all hours worked over 40 in a workweek.

23. Plaintiff ANA C. DE OLIVEIRA seeks to recover unpaid half-time overtime wages accumulated during her entire relevant period of employment with Defendant.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

24. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff ANA C. DE OLIVEIRA to recover from the Employer ELIZABETH WAGNER unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l) which states:

    (l) Employment in domestic service in one or more households
    No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.

26. Title 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

27. At all times relevant to this action, Plaintiff ANA C. DE OLIVEIRA was an employee of Defendant within the meaning of the FLSA 29 U.S.C. §203 (e).

28. At all times relevant to this action, Defendant was Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

29. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C. §203 (g).

30. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

31. Pursuant to 29 USC § 206, at all times relevant to this action, the Employer/Defendant was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

32. Defendant ELIZABETH WAGNER employed Plaintiff ANA C. DE OLIVEIRA as a domestic household employee from 2013 until she left in 2016.

33. Plaintiff returned to work for ELIZABETH WAGNER on or about January 12, 2018, and she worked until March 26, 2021, or more than three years. However, for FLSA purposes, Plaintiff's relevant employment period is 67 weeks (from December 12, 2019, to March 26, 2021=67 weeks).

34. Plaintiff worked at the private residence of ELIZABETH WAGNER located at 5025 Collins Avenue, Apt. 1709, Miami Beach, Florida 33140.

35. During the relevant time of employment, Plaintiff had duties as a domestic employee and caregiver for Defendant ELIZABETH WAGNER's elderly parents, Mr. Klaus Peter Wagner (95 years old) and Mrs. Yvonne Wagner (91 years old).

36. Plaintiff's duties consisted of caring for the two older adults and assisting them with daily living activities such as bathing, dressing, grooming, feeding, toileting, changing diapers, cleaning after them, and keeping sanitary conditions at the residence.

37. In addition, Plaintiff cooked for them, washed clothing, ironed clothing, cleaned bathrooms, and kitchen, swept floors, and performed routine, regular, and general household work. This personal care and regular household work exceeded at large the 20% limit required for a "companionship" exemption.

38. Plaintiff took Defendant's aging parents to their medical appointments. Plaintiff also went to the supermarket and pharmacy using her own vehicle.

39. During the relevant period of employment, Plaintiff worked an irregular schedule, but she always worked more than 40 hours per week.  Plaintiff worked as per the family's needs, from 44 to 70 or more hours per week.

40. Within the relevant time of employment, Plaintiff received a wage rate as follows: In 2019, Plaintiff was paid $26.00 and $27.00 an hour. In 2020, Plaintiff was paid $28.00 an hour, and in 2021 Plaintiff was paid at the rate of $29.00 an hour.

41. Plaintiff always worked more than 40 hours weekly, and she was paid for all her working hours, but at her regular rate. However, Plaintiff did not receive any compensation for overtime hours as required by the Fair Labor Standards Act.

42. Plaintiff did not clock in and out, but she signed timesheets, and Defendant could track the number of hours worked by Plaintiff.

43. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938.

44. Plaintiff ceased working for Defendant on or about March 26, 2021, after Mrs. Yvonne Wagner passed away.

45. The records, if any, concerning the number of hours worked by Plaintiff and the compensation actually paid to her should be in the possession and custody of Defendant. Nevertheless, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

46. During her entire time of employment with Defendant, Plaintiff was paid bi-weekly with checks and paystubs that reflected overtime hours paid as regular hours.

47. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

    Twenty-Seven Thousand Nine Hundred Ninety-Nine Dollars and 11/100 ($27,999.11)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment: more than 3 years
    Total number of relevant weeks: 67 weeks

    **1- Half-time O/T from December 12, 2019, to December 29, 2019, paid at $27.00 an hour=26 weeks**
    Total of overtime hours worked: 14.40 O/T hours average
    Total of unpaid overtime hours: 14.40 O/T hours average
    Regular rate: $27.00 x 1.5=$40.50 O/T rate
    $40.50 O/T rate-$27.00 O/T rate paid=$13.50 Half-time rate

    $13.50 x 14.40 O/T hours=$194.40 weekly x 2 weeks=$388.80

    **2- Half-time O/T from December 30, 2019, to December 27, 2020, Paid at $28.00 an hour = 52 weeks**
    Total of overtime hours worked: 27.45 O/T hours average
    Total of unpaid overtime hours: 27.45 O/T hours average
    Regular rate: $28.00 x 1.5=$42.00 O/T rate
    $42.00 O/T rate-$28.00 O/T rate paid=$14.00 Half-time rate

    $14.00 x 27.45 O/T hours=$384.30 weekly x 52 weeks=$19,983.60

    **3- Half-time O/T from December 28, 2020, to March 26, 2021, paid at $29.00 an hour=13 weeks**
    Total of overtime hours worked: 40.46 O/T hours average
    Total of unpaid overtime hours: 40.46 O/T hours average
    Regular rate: $29.00 x 1.5=$43.50 O/T rate
    $43.50 O/T rate-$29.00 O/T rate paid=$14.50 Half-time rate

    $14.50 x 40.46 O/T hours=$586.67 weekly x 13 weeks=$7,626.71

    Total #1, #2, #3, #4, and #5: $27,999.11

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    The amount represents unpaid half-time overtime wages

48. At all times material hereto, the Employer/Defendant ELIZABETH WAGNER failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

49. Defendant never posted any notice, as required by the Fair Labor Standards Act. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

50. Defendant knew and/or showed reckless disregard of the provisions of the Act, to inform Plaintiff of her Federal rights to overtime and/or minimum wage payments.

51. Defendant ELIZABETH WAGNER willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages, and Plaintiff is entitled to recover double damages.

52. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANA C. DE OLIVEIRA respectfully requests that the Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant ELIZABETH WAGNER based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as the Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANA C. DE OLIVEIRA demands a trial by jury of all issues triable as of right by jury.

Date: December 21, 2022

                                        Respectfully submitted,

                                        By:  /s/ **Zandro E. Palma**
                                        ZANDRO E. PALMA, P.A.
                                        Florida Bar No.: 0024031
                                        9100 S. Dadeland Blvd.
                                        Suite 1500
                                        Miami, FL 33156
                                        Telephone: (305) 446-1500
                                        Facsimile:  (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintiff*